DMITRY STADLIN
Attorney at Law, SBN 302361
111 N. Market St. Ste. 300
San Jose, CA 95113
T: (408) 645-7801
F: (408) 645-7802
E: ds@stadlinlaw.com

Attorney for Plaintiff

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

(San Jose Division)

| | |
|---|---|
| SUSAN HAZLETT BASSI, | Case No.  18-cv-07239 |
| Plaintiff, | |
| vs. | COMPLAINT FOR VIOLATION OF CIVIL RIGHTS |
| COUNTY OF SANTA CLARA, DAVID GOMEZ, JACK SOLORIO, LIZANDRO CARRASCO, PYHER VAQUERANO, JOHN SABLAN, JOSEPH LA JEUNESSE, MICHAEL JACOBS, BRIAN OLIVERI and DOES 1-50, inclusive, | JURY TRIAL DEMANDED |
| Defendants. | |

## NATURE OF THE ACTION

1.     Deputies of the Santa Clara County Sheriff's Office, employed by the County of Santa

Clara, regularly use excessive force in their interactions with the public.  The County has

failed to properly train, supervise and discipline law enforcement officers for such conduct,

and as a result there is a culture of excessive use of force.  The DEFENDANTS interacted

with Plaintiff SUSAN BASSI at the Santa Clara County Superior Court, Family Justice

1

Complaint for Violation of Civil Rights
Jury Trial Demanded
Susan Bassi v. County of Santa Clara, et al.
18-cv-07239

Center, where they unlawfully seized her phone and broke her finger. Plaintiff now seeks damages for this violation of her constitutional rights.

## JURISDICTION

2.     The claims alleged herein arise pursuant to 42 U.S.C. § 1983 and the First, Fourth and Fourteenth Amendments to the United States Constitution.

3.     The jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 1331, 1343, and 1367.

## VENUE

4.     Venue is proper in the Northern District of California under 28 U.S.C. § 1391(b) because the unlawful acts, practices and omissions giving rise to the claims brought by Plaintiff occurred in the County of Santa Clara, which is within this judicial district.

## PARTIES

5.     Plaintiff SUSAN BASSI (hereinafter "BASSI") was at all times herein mentioned, a resident of Santa Clara County. She was not arrested on November 14, 2017, which is when she was assaulted by Deputies at the Santa Clara County Superior Court, Family Justice Center. Plaintiff BASSI is an independent publisher, journalist and a community activist.

6.     Defendant COUNTY OF SANTA CLARA (hereinafter "COUNTY") is a municipal corporation duly organized under the laws of the State of California.  Santa Clara County Sheriff's Office ("SCCSO") is a subdivision of COUNTY, which operates a law enforcement division and jail facilities: COUNTY is responsible for ensuring that SCCSO's policies and practices do not violate individuals' substantive and procedural due process rights.

7.     At all times mentioned herein, Defendant DAVID GOMEZ (hereinafter "GOMEZ") was employed as a Deputy Sheriff for defendant COUNTY.  Defendant GOMEZ is sued

Complaint for Violation of Civil Rights
Jury Trial Demanded
Susan Bassi v. County of Santa Clara, et al.
18-cv-07239

individually and as a Deputy Sheriff for the COUNTY.  By engaging in the conduct described below, Defendant GOMEZ acted under the color of law and in the course and scope of his employment for Defendant COUNTY.  By engaging in the conduct described here, Defendant GOMEZ exceeded the authority vested in him as a Deputy Sheriff under the United States Constitution and as an employee of the COUNTY.

8.     At all times mentioned herein, Defendant JACK SOLORIO (hereinafter "SOLORIO") was employed as a Deputy Sheriff for defendant COUNTY.  Defendant SOLORIO is sued individually and as a Deputy Sheriff for the COUNTY.  By engaging in the conduct described below, Defendant SOLORIO acted under the color of law and in the course and scope of his employment for Defendant COUNTY.  By engaging in the conduct described here, Defendant SOLORIO exceeded the authority vested in him as a Deputy Sheriff under the United States Constitution and as an employee of the COUNTY.

9.     At all times mentioned herein, Defendant LIZANDRO CARRASCO (hereinafter "CARRASCO") was employed as a Deputy Sheriff for defendant COUNTY.  Defendant CARRASCO is sued individually and as a Deputy Sheriff for the COUNTY.  By engaging in the conduct described below, Defendant CARRASCO acted under the color of law and in the course and scope of his employment for Defendant COUNTY.  By engaging in the conduct described here, Defendant CARRASCO exceeded the authority vested in him as a Deputy Sheriff under the United States Constitution and as an employee of the COUNTY.

10.     At all times mentioned herein, Defendant PYHER VAQUERANO (hereinafter "VAQUERANO") was employed as a Deputy Sheriff for defendant COUNTY.  Defendant VAQUERANO is sued individually and as a Deputy Sheriff for the COUNTY.  By engaging in the conduct described below, Defendant VAQUERANO acted under the color of law and

Complaint for Violation of Civil Rights
Jury Trial Demanded
Susan Bassi v. County of Santa Clara, et al.
18-cv-07239

in the course and scope of his employment for Defendant COUNTY.  By engaging in the conduct described here, Defendant VAQUERANO exceeded the authority vested in him as a Deputy Sheriff under the United States Constitution and as an employee of the COUNTY.

11.     At all times mentioned herein, Defendant JOHN SABLAN (hereinafter "SABLAN") was employed as a Deputy Sheriff for defendant COUNTY.  Defendant SABLAN is sued individually and as a Deputy Sheriff for the COUNTY.  By engaging in the conduct described below, Defendant SABLAN acted under the color of law and in the course and scope of his employment for Defendant COUNTY.  By engaging in the conduct described here, Defendant SABLAN exceeded the authority vested in him as a Deputy Sheriff under the United States Constitution and as an employee of the COUNTY.

12.     At all times mentioned herein, Defendant JOSEPH LA JEUNESSE (hereinafter "LA JEUNESSE") was employed as a Deputy Sheriff for defendant COUNTY.  Defendant LA JEUNESSE is sued individually and as a Deputy Sheriff for the COUNTY.  By engaging in the conduct described below, Defendant LA JEUNESSE acted under the color of law and in the course and scope of his employment for Defendant COUNTY.  By engaging in the conduct described here, Defendant LA JEUNESSE exceeded the authority vested in him as a Deputy Sheriff under the United States Constitution and as an employee of the COUNTY.

13.     At all times mentioned herein, Defendant MICHAEL JACOBS (hereinafter "JACOBS") was employed as a Deputy Sheriff for defendant COUNTY.  Defendant JACOBS is sued individually and as a Deputy Sheriff for the COUNTY.  By engaging in the conduct described below, Defendant JACOBS acted under the color of law and in the course and scope of his employment for Defendant COUNTY.  By engaging in the conduct described

Complaint for Violation of Civil Rights
Jury Trial Demanded
Susan Bassi v. County of Santa Clara, et al.
18-cv-07239

here, Defendant JACOBS exceeded the authority vested in him as a Deputy Sheriff under the United States Constitution and as an employee of the COUNTY.

14.     At all times mentioned herein, Defendant BRIAN OLIVERI (hereinafter "OLIVERI") was employed as a Deputy Sheriff for defendant COUNTY, or as a Sheriff's Technician. Defendant OLIVERI is sued individually and as a Deputy Sheriff/Technician for the COUNTY.  By engaging in the conduct described below, Defendant OLIVERI acted under the color of law and in the course and scope of his employment for Defendant COUNTY.  By engaging in the conduct described here, Defendant OLIVERI exceeded the authority vested in him as a Deputy Sheriff/Technician under the United States Constitution and as an employee of the COUNTY.

15.     At all times mentioned herein, Defendant SHERIFF'S DEPUTY DOE 1 (hereinafter "DOE 1") was employed as a Deputy Sheriff for defendant COUNTY.  Defendant DOE 1 is sued individually and as a Deputy Sheriff for the COUNTY.  By engaging in the conduct described below, Defendant DOE 1 acted under the color of law and in the course and scope of his employment for Defendant COUNTY.  By engaging in the conduct described here, Defendant DOE 1 exceeded the authority vested in his as a Deputy Sheriff under the United States Constitution and as an employee of the COUNTY.

16.     At all times mentioned herein, Defendant SHERIFF'S DEPUTY DOE 2 (hereinafter "DOE 2") was employed as a Deputy Sheriff for defendant COUNTY.  Defendant DOE 2 is sued individually and as a Deputy Sheriff for the COUNTY.  By engaging in the conduct described below, Defendant DOE 2 acted under the color of law and in the course and scope of his employment for Defendant COUNTY.  By engaging in the conduct described here,

Complaint for Violation of Civil Rights
Jury Trial Demanded
Susan Bassi v. County of Santa Clara, et al.
18-cv-07239

Defendant DOE 2 exceeded the authority vested in his as a Deputy Sheriff under the United States Constitution and as an employee of the COUNTY.

17.    At all times mentioned herein, Defendant SHERIFF'S DEPUTY DOE 3 (hereinafter "DOE 3") was employed as a Deputy Sheriff for defendant COUNTY.  Defendant DOE 3 is sued individually and as a Deputy Sheriff for the COUNTY.  By engaging in the conduct described below, Defendant DOE 3 acted under the color of law and in the course and scope of his employment for Defendant COUNTY.  By engaging in the conduct described here, Defendant DOE 3 exceeded the authority vested in his as a Deputy Sheriff under the United States Constitution and as an employee of the COUNTY.

18.    At all times mentioned herein, Defendant SHERIFF'S DEPUTY DOE 4 (hereinafter "DOE 4") was employed as a Deputy Sheriff for defendant COUNTY.  Defendant DOE 4 is sued individually and as a Deputy Sheriff for the COUNTY.  By engaging in the conduct described below, Defendant DOE 4 acted under the color of law and in the course and scope of his employment for Defendant COUNTY.  By engaging in the conduct described here, Defendant DOE 4 exceeded the authority vested in his as a Deputy Sheriff under the United States Constitution and as an employee of the COUNTY.

19.    At all times mentioned herein, Defendant SHERIFF'S DEPUTY DOE 5 (hereinafter "DOE 1") was employed as a Deputy Sheriff for defendant COUNTY.  Defendant DOE 5 is sued individually and as a Deputy Sheriff for the COUNTY.  By engaging in the conduct described below, Defendant DOE 5 acted under the color of law and in the course and scope of his employment for Defendant COUNTY.  By engaging in the conduct described here, Defendant DOE 5 exceeded the authority vested in his as a Deputy Sheriff under the United States Constitution and as an employee of the COUNTY.

Complaint for Violation of Civil Rights
Jury Trial Demanded
Susan Bassi v. County of Santa Clara, et al.
18-cv-07239

20.     At all times mentioned herein, Defendant DOE 6 (hereinafter "DOE 6") was employed as a technician or staff member in the Sheriff's Office for defendant COUNTY.  Defendant DOE 6 is sued individually and as a Sheriff's technician for the COUNTY.  By engaging in the conduct described below, Defendant DOE 6 acted under the color of law and in the course and scope of his employment for Defendant COUNTY.  By engaging in the conduct described here, Defendant DOE 6 exceeded the authority vested in him as a Sheriff's Technician under the United States Constitution and as an employee of the COUNTY.

### FACTUAL ALLEGATIONS

**SUSAN BASSI was Brutally Injured During an Unprovoked Attack by Deputy DAVID GOMEZ at the Clerk's Office of the Family Justice Center.**

21.     On November 14, 2017, SUSAN BASSI was at the Clerk's Office at the Santa Clara County Superior Court, Family Justice Center, located at 201 North First Street, in San Jose, California.

22.     At around 11:44 a.m., BASSI was in the Computer File viewing room.

23.     There were no signs posted in the file room related to photography or prohibiting photography.

24.     BASSI was in the computer room with another community activist, Scott Largent.

25.     At around the same time, Deputy GOMEZ was assigned to the Family Justice Center and was wearing a full Sheriff's Office Uniform.

26.     At around the same time, Deputy SOLORIO was assigned to the Family Justice Center and was wearing a full Sheriff's Office Uniform.

27.     At around the same time, Deputies GOMEZ and SOLORIO went to the computer file room, inside the Clerk's Office.

7

Complaint for Violation of Civil Rights
Jury Trial Demanded
Susan Bassi v. County of Santa Clara, et al.
18-cv-07239

28.   Deputy GOMEZ began interacting with Scott Largent, and told him that no photographs could be taken inside the Court facility without a proper court order.

29.   Deputy GOMEZ told Scott Largent to delete any photographs he took inside the facility.

30.   BASSI was sitting two seats away from Scott Largent in the same room.

31.   BASSI witnessed the interactions of Scott Largent with Deputies GOMEZ and SOLORIO.

32.   BASSI was startled by the loud voices coming from the Deputies and heard yelling from Scott Largent who claimed that he was being touched by the police.

33.   BASSI saw what appeared to be improper police interactions and grabbed her phone to begin recording newsworthy activity.

34.   At some point, Deputy GOMEZ left Mr. Largent alone and approached BASSI to tell her to "Stop recording."

35.   Deputy GOMEZ said "Stop recording" several times, and then grabbed BASSI's phone from her hand.

36.   Deputy GOMEZ used physical force on BASSI.

37.   Deputy GOMEZ's use of physical force resulted in BASSI having a swollen hand and a broken finger.

38.   Deputy GOMEZ proceeded to search the cell phone, without a warrant.

39.   BASSI's phone contained privileged information.

40.   Deputy GOMEZ, during the search of the phone, engaged the video recording function of the phone and actually recorded a video while he had possession of the phone.

Complaint for Violation of Civil Rights
Jury Trial Demanded
Susan Bassi v. County of Santa Clara, et al.
18-cv-07239

41.    BASSI repeatedly told officers that they had illegally detained her, broke her hand and to not search her phone.

42.    GOMEZ continued to search BASSI's phone.

43.    GOMEZ prevented BASSI from recording the ongoing police misconduct.

44.    Other witnesses immediately outside the file viewing room were similarly disturbed by the incident.

45.    Joshua Seymour took out his phone and began recording the interaction between BASSI and the Deputies.

46.    Deputies Lizandro CARRASCO and Pyher VAQUERANO interacted with Joshua Seymour and ordered him to delete the video of the incident from his phone.

47.    At some point, Deputies asked BASSI if she required medical attention for the injuries she sustained from Deputy GOMEZ.

48.    BASSI replied that she did require medical attention.

49.    Paramedics were called to the Family Justice Center to treat BASSI's hand.

50.    BASSI said to the Paramedics and Deputies that she wanted to go to the hospital, but preferred to take herself there.

51.    GOMEZ, SOLORIO and Sergeant Michael JACOBS continued to hold and search BASSI's phone throughout this time.

52.    GOMEZ, SOLORIO and JACOBS discussed whether they should release BASSI for medical treatment.

53.    At some point GOMEZ asked BASSI if he could take a picture of her hand, "because it is evidence."

Complaint for Violation of Civil Rights
Jury Trial Demanded
Susan Bassi v. County of Santa Clara, et al.
18-cv-07239

54.     BASSI consented and said she would like to take a picture of GOMEZ taking a picture of her hand.

55.     SOLORIO then gave BASSI the phone back.

56.     BASSI was released from the Deputies' custody and went outside the Courthouse.

57.     Deputy LA JEUNESSE was one of the Deputies that showed up to the Clerk's Office and was present during BASSI's interactions with GOMEZ and SOLORIO.

58.     Deputy LA JEUNESSE saw the interactions and failed to intervene and assisted GOMEZ and SOLORIO in their conduct.

59.     Deputy SABLAN was one of the Deputies that showed up to the Clerk's Office and was present during BASSI's interactions with GOMEZ and SOLORIO.

60.     Deputy SABLAN saw the interactions and failed to intervene and assisted GOMEZ and SOLORIO in their conduct.

61.     Later that day, BASSI went to the Internal Affairs department of the Sheriff's Office to make a complaint about the Deputies.

62.     That same day, BASSI emailed Court Personnel, and the General Counsel for the Court, asking them to preserve all video from that day.

63.     Deputy or Technician Brian OLIVERI was responsible for the video cameras and surveillance footage at the Family Justice Center on November 14, 2017.

64.     OLIVERI recklessly or intentionally failed to preserve video evidence of the incident.

65.     Deputy OLIVERI was previously the Bailiff in BASSI's divorce proceedings and knew her before the Incident on November 14, 2017. During his prior interactions with BASSI, OLIVERI acted unprofessionally towards BASSI.

Complaint for Violation of Civil Rights
Jury Trial Demanded
Susan Bassi v. County of Santa Clara, et al.
18-cv-07239

**The Unconstitutional Policies, Training and Supervision of the County of Santa Clara**

66.     COUNTY has a policy, procedure and/or custom of arbitrary searches of community activists or journalists, by isolating them and searching them without informed consent and under duress.

67.     DOE 1 is the final decision maker within the Sheriff's Office who put in place or co-signed the policy, practice or custom of detaining community activists, searching them without a warrant or probable cause and continuously harassing them to chill their speech.

68.     At all times relevant to this action, Defendants GOMEZ, SOLORIO, CARRASCO, VAQUERANO, SABLAN, LA JEUNESSE, JACOBS, OLIVERI and DOES 1-6 were negligent, reckless, wanton, willful, knowing, intentional, unreasonable, extreme, outrageous, and deliberately indifferent to the constitutional rights of SUSAN BASSI.

69.     Defendants GOMEZ, SOLORIO, CARRASCO, VAQUERANO, SABLAN, LA JEUNESSE, JACOBS, OLIVERI and DOES 1-6 unconstitutional actions violated clearly established law.

70.     At the time Defendant GOMEZ violated BASSI's constitutional rights on November 14, 2017, the County of Santa Clara had a practice or custom of failing to investigate and discipline officers involved in excessive use of force.

71.     At the time Defendant GOMEZ violated BASSI's constitutional rights on November 14, 2017, within a two year period up to today, the County of Santa Clara had or has a practice or custom of repeatedly harassing BASSI at the Courthouse.

72.     At the time Defendant GOMEZ violated BASSI's constitutional rights on November 14, 2017, within a two year period up to today, the County of Santa Clara had or has a practice or custom of repeatedly harassing Scott Largent at the Courthouse.

Complaint for Violation of Civil Rights
Jury Trial Demanded
Susan Bassi v. County of Santa Clara, et al.
18-cv-07239

73.    At the time Defendant GOMEZ violated BASSI's constitutional rights on November 14, 2017, the County of Santa Clara had a policy, practice or custom of not requiring officers to report any use of force but their own, meaning they do not need to report force they observe a colleague use, and are even encouraged and trained not to report use of force they see a colleague use.

74.    At the time Defendant GOMEZ violated BASSI's constitutional rights on November 14, 2017, the County of Santa Clara failed to adequately supervise, equip or train GOMEZ, SOLORIO, CARRASCO, VAQUERANO, SABLAN, LA JEUNESSE, JACOBS, OLIVERI and DOES 1-6 regarding use of force, reporting of same, activation of his body worn camera, and preserving evidence.

75.    At the time Defendant GOMEZ violated BASSI's constitutional rights on November 14, 2017, the County of Santa Clara's failed to adequately supervise and train GOMEZ, SOLORIO, CARRASCO, VAQUERANO, SABLAN, LA JEUNESSE, JACOBS, OLIVERI and DOES 1-6 regarding First Amendment rights and photography in Courthouses.

76.    The unconstitutional actions of GOMEZ, SOLORIO, CARRASCO, VAQUERANO, SABLAN, LA JEUNESSE, JACOBS, OLIVERI and DOES 1-6 violated clearly established law.

77.    The County of Santa Clara's unconstitutional policies, inadequate training and supervision of Defendants was caused by the County's deliberate indifference to the constitutional rights of BASSI to be free from unreasonable searches and seizures, not be the subject of excessive use of force by the police; and to have freedom of speech, assembly and freedom of the press; and were the moving force behind Defendants' violation of BASSI's constitutional rights.

Complaint for Violation of Civil Rights
Jury Trial Demanded
Susan Bassi v. County of Santa Clara, et al.
18-cv-07239

## DAMAGES

78.     As a proximate result of Defendants' conduct, BASSI suffered severe pain and physical injuries, including a swollen hand, a broken finger and continuing pain which is still present today.

79.     As a further proximate result of Defendants' conduct, BASSI suffered severe emotional and mental distress, fear, terror, anxiety, depression, humiliation, embarrassment, and loss of her sense of security, dignity, and pride.  She suffered serious emotional harm, fear for her safety while in a public Courthouse awaiting trial for her divorce proceedings. She was also charged with a criminal case and suffered constant worry that he might be condemned to spend time in custody for a crime she did not commit.

80.     Because BASSI continues to be vulnerable to investigation and arrest by the Santa Clara Sheriff's Office, she is concerned that any future charges filed against her by any Defendant will result in the same concealment of exculpatory evidence and malicious prosecution.

81.     As a further proximate result of defendants' conduct, BASSI has incurred medical expenses, and will continue to incur medical expenses in the future in an amount according to proof.  BASSI will also lose future income in an amount according to proof.

82.     The conduct of the individual Defendants was malicious, sadistic, wanton, and oppressive.  BASSI is therefore entitled to award of punitive damages against the Defendants.

//

//

//

//

Complaint for Violation of Civil Rights
Jury Trial Demanded
Susan Bassi v. County of Santa Clara, et al.
18-cv-07239

## CLAIMS FOR RELIEF

### First Cause of Action
### (Fourth Amendment – Excessive Use of Force, 42 U.S.C § 1983)
### (Against Defendants GOMEZ, SOLORIO, CARRASCO, VAQUERANO, SABLAN, LA JEUNESSE, JACOBS, OLIVERI and DOES 1-6)

83.    Plaintiff incorporates by reference each and every allegation contained in the preceding paragraphs as if set forth fully herein.

84.    In doing the acts complained of herein, Defendants GOMEZ, SOLORIO, CARRASCO, VAQUERANO, SABLAN, LA JEUNESSE, JACOBS, OLIVERI and DOES 1-6, acted under the color of the law to violate BASSI's basic human dignity and her right to be free from excessive use of force under the Fourth Amendment to the United States Constitution.

85.    As a proximate result of defendants' malicious and sadistic conduct, BASSI suffered and continues to suffer injuries and damages as set forth in paragraphs 78-82.  The punitive damage allegations of paragraph 82 apply in this Claim for Relief to all individually-named Defendants.

### Second Cause of Action
### (Fourth Amendment – Unreasonable Search and Seizure, 42 U.S.C § 1983)
### (Against Defendants GOMEZ, SOLORIO, CARRASCO, VAQUERANO, SABLAN, LA JEUNESSE, JACOBS, OLIVERI and DOES 1-6)

86.    Plaintiff incorporates by reference each and every allegation contained in the preceding paragraphs as if set forth fully herein.

87.    In doing the acts complained of herein, Defendants GOMEZ, SOLORIO, CARRASCO, VAQUERANO, SABLAN, LA JEUNESSE, JACOBS, OLIVERI and DOES 1-6, acted under the color of the law to violate BASSI's rights to be free from unreasonable searches and seizures of her person and property by Sheriff's deputies and other government actors under the Fourth Amendment.

Complaint for Violation of Civil Rights
Jury Trial Demanded
Susan Bassi v. County of Santa Clara, et al.
18-cv-07239

88.     As a proximate result of defendants' malicious and sadistic conduct, BASSI suffered and continues to suffer injuries and damages as set forth in paragraphs 78-82.  The punitive damage allegations of paragraph 82 apply in this Claim for Relief to all individually-named Defendants.

### Third Cause of Action
**(Fourth Amendment, and Fourteenth Amendment , 42 U.S.C. §1983 - *Monell* Liability)**
**(Against Defendant COUNTY)**

89.     Plaintiff incorporates by reference each and every allegation contained in the preceding paragraphs as if set forth fully herein.

90.     At the time of the incidents complained of herein, BASSI was a civilian visitor to the Santa Clara County Superior Court Family Justice Center, with no criminal history and no outstanding warrants, no probation conditions and no parole conditions.

91.     The COUNTY, by and through its supervisory officials and employees, has been given notice on repeated occasions prior to the excessive force used on BASSI, of a pattern of ongoing constitutional violations and practices by the individually-named Defendants herein and other deputies employed by the COUNTY in their patrol division and at the Main Jail and Elmwood, including having received notice regarding the use of excessive force, under the Fourth and Fourteenth Amendments to the United States Constitution.

92.     These policies and practices have been and continue to be implemented by Defendants, such as the harassment, deliberate indifference and excessive use of force inflicted by GOMEZ, SOLORIO, CARRASCO, VAQUERANO, SABLAN, LA JEUNESSE, JACOBS, OLIVERI and DOES 1-6, are the proximate cause of the Plaintiff's deprivation of rights secured under the Fourth Amendment. The force used by GOMEZ was not a good faith effort

Complaint for Violation of Civil Rights
Jury Trial Demanded
Susan Bassi v. County of Santa Clara, et al.
18-cv-07239

to maintain or restore order but was applied maliciously and sadistically for the very purpose of causing harm.

93.    COUNTY, by its policy and practice of unlawfully searching and seizing people at Court as referenced above, is subjecting individuals, including Plaintiff, to serious psychological and physiological harm.  Visitors to courthouses, which are the very places seen as symbols of justice and the law, should not be afraid of being unlawfully searched by Government actors as if they were in a police state.

94.    Despite said notice, Defendant COUNTY has demonstrated deliberate indifference to this pattern and practice of constitutional violations, having shown deliberate indifference, by failing to take necessary, appropriate, and/or adequate measures to prevent the continued perpetuation of said pattern of conduct by their employees and agents. This lack of an adequate supervisorial response by Defendant COUNTY demonstrates the existence of an informal custom, policy, or practice, which tolerates and promotes the continued violation of civil rights of visitors to Courthouses by COUNTY's employees and agents.

95.    BASSI is informed and believes that in addition to these long-standing practices and customs, the COUNTY has failed to provide adequate training, or no training at all, on the obligations of COUNTY deputies to not engage in excessive force, and to conduct themselves as professionals charged with not only ensuring the safety of Courthouse staff but the safety of all visitors as well.

96.    The acts of the individually-identified Defendants alleged herein are the direct and proximate result of the deliberate indifference of Defendant COUNTY and its supervisory officials and employees to violations of the constitutional rights of visitors to Courthouses by the individually-named Defendants and other deputies.

Complaint for Violation of Civil Rights
Jury Trial Demanded
Susan Bassi v. County of Santa Clara, et al.
18-cv-07239

97.   The COUNTY has failed to adequately seek out or stop such sadistic behavior as alleged herein by failing to investigate claims of excessive force, and further failing to adequately discipline, punish, or expel deputies who have engaged in the aforementioned and/or similar conduct when handling alleged suspects.

98.   The COUNTY has either provided no training at all in regard to appropriate handling, treatment, and protection of out of custody individuals, or has received wholly inadequate training with no measurable standards, or no measuring, of the training recipients understanding, retention, and application – or non-application – of training materials and subject matter.

99.   BASSI's injuries were a foreseeable and a proximate result of the deliberate indifference of the COUNTY to the constitutional violations taking place in the COUNTY, existing as a result of the patterns, practices, customs and/or policies, and/or lack of training or non-existent training, described above.

100.   As a proximate result of defendants' malicious and sadistic conduct, BASSI suffered and continues to suffer injuries and damages as set forth in paragraphs 78-82.  The punitive damage allegations of paragraph 82 apply in this Claim for Relief to all individually-named Defendants.


**Fourth Cause of Action**
**(First Amendment – Free Speech, 42 U.S.C § 1983)**
**(Against Defendants GOMEZ, SOLORIO, CARRASCO, VAQUERANO, SABLAN, LA JEUNESSE, JACOBS, OLIVERI and DOES 1-6)**

101.   Plaintiff incorporates by reference each and every allegation contained in the preceding paragraphs as if set forth fully herein.

Complaint for Violation of Civil Rights
Jury Trial Demanded
Susan Bassi v. County of Santa Clara, et al.
18-cv-07239

102.   In doing the acts complained of herein, Defendants GOMEZ, SOLORIO, CARRASCO, VAQUERANO, SABLAN, LA JEUNESSE, JACOBS, OLIVERI and DOES 1-6, acted under the color of the law to violate BASSI's rights to free speech, freedom of assembly and freedom of the press.

103.   BASSI's actions were all protected activities under the First Amendment of the United States Constitution.

104.   As a proximate result of defendants' malicious and sadistic conduct, BASSI suffered and continues to suffer injuries and damages as set forth in paragraphs 78-82.  The punitive damage allegations of paragraph 82 apply in this Claim for Relief to all individually-named Defendants.


**Fifth Cause of Action**
**(First Amendment, and Fourteenth Amendment , 42 U.S.C. §1983 - *Monell* Liability)**
**(Against Defendant COUNTY)**

105.   Plaintiff incorporates by reference each and every allegation contained in the preceding paragraphs as if set forth fully herein.

106.   At the time of the incidents complained of herein, BASSI was a publisher and journalist, investigating news stories at the Family Justice Center.

107.   The COUNTY, by and through its supervisory officials and employees, has been given notice on repeated occasions prior to the violation of BASSI's First Amendment rights, of a pattern of ongoing constitutional violations and practices by the individually-named Defendants herein and other deputies employed by the COUNTY in their patrol division, including having received notice regarding unlawfully arresting people in public gatherings, in violation of the First and Fourteenth Amendments to the United States Constitution.

Complaint for Violation of Civil Rights
Jury Trial Demanded
Susan Bassi v. County of Santa Clara, et al.
18-cv-07239

108.  These policies and practices have been and continue to be implemented by Defendants, such as the harassment by GOMEZ, SOLORIO, CARRASCO, VAQUERANO, SABLAN, LA JEUNESSE, JACOBS, OLIVERI and DOES 1-6, are the proximate cause of the Plaintiff's deprivation of rights secured under the First Amendment.

109.  COUNTY, by its policy and practice of suppressing free speech at public places as referenced above, is subjecting individuals, including Plaintiff, to serious psychological and physiological harm as outlined above.

110.  Despite said notice, Defendant COUNTY has demonstrated deliberate indifference to this pattern and practice of constitutional violations, having shown deliberate indifference, by failing to take necessary, appropriate, and/or adequate measures to prevent the continued perpetuation of said pattern of conduct by their employees and agents. This lack of an adequate supervisorial response by Defendant COUNTY demonstrates the existence of an informal custom, policy, or practice, which tolerates and promotes the continued violation of civil rights of visitors to Courthouses by COUNTY's employees and agents.

111.  BASSI is informed and believes that in addition to these long-standing practices and customs, the COUNTY has failed to provide adequate training, or no training at all, on the obligations of COUNTY deputies to not engage in the suppression of free speech, and to conduct themselves as professionals charged with protecting and defending the Constitution of the United States – not merely acting as stormtroopers for COUNTY officials.

112.  The acts of the individually-identified Defendants alleged herein are the direct and proximate result of the deliberate indifference of Defendant COUNTY and its supervisory officials and employees to violations of the constitutional rights of visitors to Courthouses by the individually-named Defendants and other deputies.

Complaint for Violation of Civil Rights
Jury Trial Demanded
Susan Bassi v. County of Santa Clara, et al.
18-cv-07239

113.   The COUNTY has failed to adequately seek out or stop such sadistic behavior as alleged herein by failing to investigate claims of free speech violations, and further failing to adequately discipline, punish, or expel deputies who have engaged in the aforementioned and/or similar conduct when handling alleged suspects.

114.   The COUNTY has either provided no training at all in regard to appropriate handling, treatment, and protection of out of custody individuals, or has received wholly inadequate training with no measurable standards, or no measuring, of the training recipients understanding, retention, and application – or non-application – of training materials and subject matter.

115.   BASSI's injuries were a foreseeable and a proximate result of the deliberate indifference of the COUNTY to the constitutional violations taking place in the COUNTY, existing as a result of the patterns, practices, customs and/or policies, and/or lack of training or non-existent training, described above.

116.   As a proximate result of defendants' malicious and sadistic conduct, BASSI suffered and continues to suffer injuries and damages as set forth in paragraphs 78-82.  The punitive damage allegations of paragraph 82 apply in this Claim for Relief to all individually-named Defendants.


**Sixth Cause of Action**
**(California Civil Code § 52.1, Bane Act)**
**(Against Defendants GOMEZ, SOLORIO, CARRASCO, VAQUERANO, SABLAN, LA JEUNESSE, JACOBS, OLIVERI and DOES 1-6 and COUNTY)**

117.   Plaintiff incorporates by reference each and every allegation contained in the preceding paragraphs as if set forth fully herein.

Complaint for Violation of Civil Rights
Jury Trial Demanded
Susan Bassi v. County of Santa Clara, et al.
18-cv-07239

118.   The conduct of Defendants GOMEZ, SOLORIO, CARRASCO, VAQUERANO, SABLAN, LA JEUNESSE, JACOBS, OLIVERI and DOES 1-6 as described herein violated California Civil Code § 52.1, in that they interfered with BASSI's exercise and enjoyment of her civil rights, as enumerated above, through excessive force, through unreasonable searches and seizures and through the violation of BASSI's First Amendment Rights.

119.   As a direct and proximate result of Defendants' violation of Civil Code § 52.1, BASSI suffered violation of his State and Federal constitutional rights, and suffered damages as set forth in paragraphs 78-82.  The punitive damage allegations of paragraph 82 apply in this Claim for Relief to all individually-named Defendants.

120.   Since the conduct of Defendants GOMEZ, SOLORIO, CARRASCO, VAQUERANO, SABLAN, LA JEUNESSE, JACOBS, OLIVERI and DOES 1-6 occurred in the course and scope of their employment, Defendant COUNTY is therefore liable to BASSI pursuant to *respondeat superior*.

**Seventh Cause of Action**
**(Intentional Infliction of Emotional Distress – Against Defendants GOMEZ, SOLORIO)**

121.   Plaintiff incorporates by reference each and every allegation contained in the preceding paragraphs as if set forth fully herein.

122.   The conduct of Defendants GOMEZ and SOLORIO, as set forth herein, was extreme and outrageous and beyond the scope of conduct which should be tolerated by citizens in a democratic and civilized society.  In order to deliberately injure, intimidate and harass BASSI, GOMEZ and SOLORIO committed the aforementioned extreme and outrageous acts with the intent to inflict severe mental and emotional distress upon BASSI and convey fear and intimidation to BASSI and the other courthouse visitors.

Complaint for Violation of Civil Rights
Jury Trial Demanded
Susan Bassi v. County of Santa Clara, et al.
18-cv-07239

123.   As a proximate result of Defendant GOMEZ's and SOLORIO's willful, intentional and malicious conduct, BASSI suffered severe and extreme mental and emotional distress.

124.   As a proximate result of Defendant GOMEZ's and SOLORIO's wrongful conduct, BASSI suffered injuries and damages as set forth in paragraphs 78-82.  The punitive damage allegations of paragraph 82 apply in this Claim for Relief to all individually-named Defendants.

125.   Since the conduct of Defendants GOMEZ and SOLORIO and the injuries to BASSI that they inflicted, occurred in the course and scope of their employment, Defendant COUNTY is therefore liable to BASSI pursuant to *respondeat superior*.

**Fifth Cause of Action**
**(Battery – Against Defendant GOMEZ)**

126.   Plaintiff incorporates by reference each and every allegation contained in the preceding paragraphs as if set forth fully herein.

127.   The conduct of Defendant GOMEZ, as set forth herein, brought him into offensive and unwelcome contact with BASSI as described above.

128.   At all relevant times, BASSI found the contact by GOMEZ to be offensive to her person and dignity.

129.   At no time did BASSI consent to any of the acts by GOMEZ.

130.   As a direct and proximate result of GOMEZ's actions above, BASSI was physically harmed and/or experienced offensive contact with her person.

131.   As a proximate result of Defendant GOMEZ's and SOLORIO's wrongful conduct, BASSI suffered injuries and damages as set forth in paragraphs 78-82.  The punitive damage allegations of paragraph 82 apply in this Claim for Relief to GOMEZ.

Complaint for Violation of Civil Rights
Jury Trial Demanded
Susan Bassi v. County of Santa Clara, et al.
18-cv-07239

132.   Since the conduct of Defendant GOMEZ and the injuries to BASSI that he inflicted, occurred in the course and scope of his employment, Defendant COUNTY is therefore liable to BASSI pursuant to *respondeat superior*.


## PRAYER FOR RELIEF,

WHEREFORE, Plaintiff respectfully request that this Court:

1.)     Award Plaintiff general, special and compensatory damages in an amount to be proven at trial.

2.)     Award Plaintiff punitive damages against individually named Defendants, and each of them, for their extreme and outrageous conduct in complete disregard for the rights of the Plaintiff;

3.) Award Plaintiff statutory damages and/or attorney's fees against all Defendants as allowed by 42 U.S.C. §1988.

4.) Grant Plaintiff such other and further relief as the Court deems just and proper.


Dated: November 29, 2018                     /s/ Dmitry Stadlin
                                            DMITRY STADLIN
                                            Attorney for Plaintiff


JURY DEMAND:  Plaintiff demands a trial by jury in this matter, pursuant to FRCP 38(a).


Dated: November 29, 2018                     /s/ Dmitry Stadlin
                                            DMITRY STADLIN
                                            Attorney for Plaintiff

Complaint for Violation of Civil Rights
Jury Trial Demanded
Susan Bassi v. County of Santa Clara, et al.
18-cv-07239