UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA
(San Francisco Division)

| | |
|---|---|
| SUSAN HAZLETT BASSI,<br><br>  Plaintiff,<br><br>v.<br><br>COUNTY OF SANTA CLARA, et al.,<br><br>  Defendants. | No. 18-CV-07239 SI<br><br>**JOINT CASE MANAGEMENT STATEMENT AND [PROPOSED] ORDER**<br><br>Date: April 22, 2022<br>Time: 3:00 pm<br>Dept: Via Zoom<br>Judge: Honorable Susan Illston |

The parties to the above-entitled action jointly submit this JOINT CASE MANAGEMENT STATEMENT AND [PROPOSED] ORDER pursuant to the Clerk's Notice setting a Further Case Management Conference for April 22, 2022. (Dkt. No. 54.)

**1.    Status of Criminal Proceeding: Diversion Ordered, Dismissal October 2022**

This action is currently stayed pending resolution of Plaintiff's related criminal proceeding in the matter of *People v. Susan Bassi* (Santa Clara County Superior Court, Case No. C177801) (hereinafter the "Criminal Matter"). (Dkt. No. 17.)

On April 5, 2022, the Criminal Matter was ordered into diversion for six (6) months, and the trial date was vacated. A hearing for dismissal is set for October 11, 2022.

/ /

/ /

/ /

**2.     Plaintiff's Statement and Request to Terminate the Stay**

*a.     The Criminal Matter*

On November 17, 2017, a misdemeanor complaint was filed against Plaintiff in the Criminal Matter.  Plaintiff allegedly committed contempt of court for willfully disobeying the terms of any process and lawful court order, in violation of California Penal Code § 166(a)(4), a misdemeanor.  The People allege Plaintiff violated Santa Clara County Local Rules of Court, General Rule 2B, concerning the use and prohibition of recording devices.  On February 5, 2018, the People moved to amend the Criminal Matter to include two additional counts: (II) a violation of California Penal Code § 166(a)(4); and (III) violation of Penal Code § 148(a)(1).

*b.     The Instant Civil Rights Action*

On November 29, 2018, Plaintiff filed the within action against Defendant County of Santa Clara and various Santa Clara Sheriff's Office Deputies, alleging, causes of action for:  (1) Excessive Use of Force [42 U.S.C. § 1983]; (2) Unreasonable Search and Seizure [42 U.S.C. § 1983]; (3) Custom, Policy, Practice of Excessive Force [*Monell*]; (4) Violations of First Amendment [42 U.S.C. § 1983]; (5) Custom, Policy, Practice of First Amendment Violations [*Monell*]; (6) Violations of California's Bane Act, Cal. Civ. Code, § 52.1; (7) Intentional Infliction of Emotional Distress; and (8) Battery.

*c.     Why the Stay Should Be Lifted*

The instant action commenced on November 29, 2018.  (Dkt. No. 1.)  Plaintiff believes that the longer the stay remains in place, the more difficult Plaintiff will have marshalling relevant evidence through discovery.  For example, Plaintiff believes that Defendants and percipient witnesses will have a tougher time recalling the facts and circumstances surrounding the incidents giving rise to the within action, including the incident of November 14, 2017. (Dkt No. 1, p. 7:21-15.)  Plaintiff will also have greater difficulty obtaining relevant documentary evidence that may be lost, destroyed, or no longer in the possession of Defendants, custodians of records, etc.

Plaintiff believes that on balance, the final disposition of the Criminal Matter is not dispositive to the within action.  Plaintiff alleges that five causes of action have no bearing on whether there is a misdemeanor finding of resisting arrest.  The Criminal Matter has been ordered

into diversion and Plaintiff anticipates the Criminal Matter will be dismissed, in its entirety in October 2022.

Given the likelihood of spoliation of evidence, in balance with what Plaintiff believes is a relatively low chance that Plaintiff will ever be convicted of misdemeanor resisting arrest, Plaintiff respectfully requests the stay be lifted.

### 3. Defendants' Request for Continuance of the Stay

Defendants request that the Court continue the stay of this action until the Criminal Matter has been dismissed or otherwise resolved. The parties jointly requested a stay of this matter pending the outcome of the Criminal Matter, which has not been resolved but is instead suspended pending Plaintiff's completion and compliance with the terms of diversion. It remains to be seen whether Plaintiff will successfully complete the terms of diversion and have this case dismissed, or violate the terms of diversion and proceed to trial.

If the Criminal Matter proceeds to trial and Plaintiff is convicted of California Penal Code § 148(a)(1) for resisting, delaying, or obstructing an officer in the performance of his duties—which by implication means that the officer was lawfully performing his duties and not using unreasonable or excessive force—most of Plaintiff's causes of action in this matter will be barred by *Heck v. Humphrey*, 512 U.S. 477 (1994). Defendants request that the Court continue the stay for this reason.

The County has preserved relevant documentary evidence for purposes of litigation. There is no spoliation of evidence and evidence preservation issues will not not affected if this case continues to be stayed for another six months.

/ /

/ /

/ /

/ /

/ /

/ /

/ /

/ /

### 4. The Parties' Proposed Schedule Should the Stay Continue

Should the Court continue the stay, the parties have met and conferred and propose that the Court set a further status hearing in approximately six months for November 4, 2022 at 3:00 p.m. and order the parties to submit a further joint status report by no later than October 28, 2022 advising the Court of the status of the Criminal Matter and whether this action should continue to be stayed.

Dated:  April 13, 2022                          THE COCHRAN FIRM CALIFORNIA


                                                */s/ Edward M. Lyman III*
                                                EDWARD M. LYMAN III
                                                Attorneys for Plaintiff
                                                SUSAN HAZLETT BASSI


Dated:  April 13, 2022                          OFFICE OF THE COUNTY COUNSEL,
                                                COUNTY OF SANTA CLARA


                                                */s/ Kim H. Hara*
                                                KIM H. HARA
                                                Attorneys for Defendants
                                                COUNTY OF SANTA CLARA, DAVID
                                                GOMEZ, JACK SOLORIO, LIZANDRO
                                                CARRASCO, PYHER VAQUERANO, JOHN
                                                SABLAN, JOSEPH LA JEUNESSE,
                                                MICHAEL JACOBS and BRYAN OLIVERI

I, KIM H. HARA, hereby certify that the content of this Joint Case Management Statement and [Proposed] Order is acceptable to all parties required to sign this statement.  Plaintiff's counsel authorized me to affix his electronic signature to this statement.

Dated:  April 13, 2022                          OFFICE OF THE COUNTY COUNSEL,
                                                COUNTY OF SANTA CLARA


                                                */s/ Kim H. Hara*
                                                KIM H. HARA
                                                Attorneys for Defendants

# [**PLAINTIFF'S PROPOSED**] ORDER

The Court, having reviewed and considered the above Joint Case Management Statement, orders that the stay in the within action shall be lifted forthwith. Defendants shall file responsive pleadings within 21 days of this Order unless the parties stipulate to extend time in the event Plaintiff files an amended complaint.

**IT IS SO ORDERED.**


# [**DEFENDANTS' PROPOSED**] ORDER

The Court, having reviewed and considered the above Joint Case Management Statement, orders that this action shall continue to be stayed pending resolution of Plaintiff's related criminal proceedings. The Court schedules a status hearing in this case for November 4, 2022, at 3:00 p.m. The parties shall submit a joint status report to the Court no later than October 28, 2022 advising the Court of the status of the criminal proceedings and whether the action should continue to be stayed.

**IT IS SO ORDERED.**

Dated: _____

SUSAN ILLSTON
United States District Judge

2613348