EDWARD M. LYMAN III (S.B. #248264)
THE COCHRAN FIRM CALIFORNIA
4929 Wilshire Blvd., Suite 1010
Los Angeles, California 90010
Telephone:  (323) 435-8205
Facsimile:  (323) 282-5280

Attorneys for Plaintiff
SUSAN BASSI


JAMES R. WILLIAMS, County Counsel (S.B. #271253)
JOSÉ L. MARTINEZ, Deputy County Counsel (S.B. #318540)
OFFICE OF THE COUNTY COUNSEL
70 West Hedding Street, East Wing, Ninth Floor
San José, California  95110-1770
Telephone: (408) 299-5900
Facsimile:  (408) 292-7240

Attorneys for Defendants
COUNTY OF SANTA CLARA, DAVID GOMEZ,
LIZANDRO CARRASCO, PYHER AQUERANO,
JOHN SABLAN, JOSEPH LA JEUNESSE,
MICHAEL JACOBS AND BRYAN OLIVERI

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

(San Francisco Division)

| | |
|---|---|
| SUSAN HAZLETT BASSI,<br><br>　　　　Plaintiff,<br><br>v.<br><br>COUNTY OF SANTA CLARA, et al.,<br><br>　　　　Defendants. | No. 18-CV-07239 SI<br><br>**JOINT CASE MANAGEMENT STATEMENT**<br><br>Date:　November 4, 2022<br>Time:　3:00 pm<br>Dept:　Via Zoom<br>Judge:　The Honorable Susan Illston |

The parties to the above-entitled action jointly submit this JOINT CASE MANAGEMENT STATEMENT pursuant to the Clerk's Civil Minutes setting a Further Case Management Conference for November 4, 2022. (Dkt. No. 57.)

**1. Status of Criminal Proceeding**

This action is currently stayed pending resolution of Plaintiff's related criminal proceeding in the matter of *People v. Susan Bassi* (Santa Clara County Superior Court, Case No. C177801) (hereinafter the "Criminal Matter"). (Dkt. No. 17.)

On April 5, 2022, the Criminal Matter was ordered into diversion for six (6) months, and the trial date was vacated. A disposition hearing is set for November 4, 2022.

**2. Plaintiff's Statement and Request to Terminate the Stay**

*a. The Criminal Matter*

On November 17, 2017, a misdemeanor complaint was filed against Plaintiff in the Criminal Matter because Plaintiff allegedly violated the Santa Clara County Superior Court's local rule by taking a photo in the courthouse. Plaintiff allegedly committed contempt of court for willfully disobeying the terms of any process and lawful court order, in violation of California Penal Code § 166(a)(4), a misdemeanor. The People allege Plaintiff violated Santa Clara County Local Rules of Court, General Rule 2B, concerning the use and prohibition of recording devices. On February 5, 2018, the People moved to amend the Criminal Matter to include two additional counts: (II) a violation of California Penal Code § 166(a)(4); and (III) violation of Penal Code § 148(a)(1).

*b. Plaintiff's Progress in Diversion*

On April 5, 2022, Plaintiff accepted an offer for diversion in the criminal proceedings. That required 45 hours of Community Service, Plaintiff has since completed 220 hours of community service.

On October 11, 2022, the Criminal Matter was set for dismissal.

On October 10, 2022, however, the Deputy District Attorney for Santa Clara County filed an objection to the diversion, alleging Plaintiff violated a restraining order by Tweeting and re-tweeting posts related to a member of Santa Clara County's Domestic Violence Council. The

///

Deputy District Attorney set a hearing for November 4, 2022, at 9:00 am, i.e., scheduled at immediately prior to this Court's previously scheduled status conference to occur at 3:00 pm.

### c.  The Instant Civil Rights Action

On November 29, 2018, Plaintiff filed the within action against Defendant County of Santa Clara and various Santa Clara Sheriff's Office Deputies, alleging, causes of action for:  (1) Excessive Use of Force [42 U.S.C. § 1983]; (2) Unreasonable Search and Seizure [42 U.S.C. § 1983]; (3) Custom, Policy, Practice of Excessive Force [*Monell*]; (4) Violations of First Amendment [42 U.S.C. § 1983]; (5) Custom, Policy, Practice of First Amendment Violations [*Monell*]; (6) Violations of California's Bane Act, Cal. Civ. Code, § 52.1; (7) Intentional Infliction of Emotional Distress; and (8) Battery.

### d.  Plaintiff intends to amend the complaint.

Notwithstanding the issue raised by Defendants (*See infra* at ¶3) that *Heck v. Humphrey*, 512 U.S. 477 (1994). would bar Plaintiff's recovery under her cause of action for civil rights violations under 42 U.S.C. §1983 (excessive force), once the stay is lifted, Plaintiff intends to amend the complaint to include additional causes of action in which *Heck v. Humphrey* is not dispositive.

### e.  Plaintiff's request for termination of the stay

The instant action commenced on November 29, 2018.  (Dkt. No. 1.)  Plaintiff believes that the longer the stay remains in place, that evidence will continue to be destroyed and/or spoiled.  For example, to date, one of the witnesses/deputies, has died.  The longer this action is stayed, the more difficult it will be for Plaintiff to obtain relevant evidence through discovery.  For example, percipient witnesses will have a tougher time recalling the facts and circumstances surrounding the incidents giving rise to the within action, including the incident of November 14, 2017.  (Dkt No. 1, p. 7:21-15.)  Moreover, final disposition of the Criminal Matter is not dispositive to the within action. Plaintiff alleges that five causes of action have no bearing on whether there is a misdemeanor finding of resisting arrest.  Given the likelihood of spoliation of evidence, in balance with what Plaintiff believes is a relatively low chance that Plaintiff will ever be convicted of misdemeanor resisting arrest, Plaintiff respectfully requests the stay be lifted.

///

**3.      Defendants' Request for Continuance of the Stay**

Defendants request that the Court continue the stay of this action until the Criminal Matter has been dismissed or otherwise resolved.  The parties jointly requested a stay of this matter pending the outcome of the Criminal Matter, which has not been resolved but is instead suspended pending Plaintiff's completion and compliance with the terms of diversion.  It still remains to be seen whether Plaintiff will successfully complete the terms of diversion and have the Criminal Matter dismissed, or if she will be found to have violated the terms of diversion and proceed to trial.

If the Criminal Matter proceeds to trial and Plaintiff is convicted of California Penal Code § 148(a)(1) for resisting, delaying, or obstructing an officer in the performance of his duties—which by implication means that the officer was lawfully performing his duties and not using unreasonable or excessive force—most of Plaintiff's causes of action in this matter will be barred by *Heck v. Humphrey*, 512 U.S. 477 (1994).  Defendants request that the Court continue the stay for this reason.

The County has preserved relevant documentary evidence for purposes of litigation.  There is no spoliation of evidence and evidence preservation issues will not be affected if this case continues to be stayed pending resolution of the Criminal Matter.

**4.      The Parties' Proposed Schedule Should the Stay Continue**

*a.  Defendants' proposed schedule*

The disposition hearing for the Criminal Matter is currently set for November 4, 2022 at 9:00 a.m.  The instant case management conference is scheduled for the same day at 3:00 p.m., so it is possible the parties will not know Plaintiff's status with respect to the Criminal Matter until shortly before this case management conference.

If the Criminal Matter does not resolve at the November 4, 2022 disposition hearing, Defendants request that the Court set a further status hearing in approximately three months for February 3, 2023 at 3:00 p.m. and order the parties to submit a further joint status report by no later than January 27, 2023 advising the Court of the status of the Criminal Matter and whether this action should continue to be stayed.

///

///

If the Criminal Matter does resolve at the November 4, 2022 disposition hearing, Defendants request that the Court proceed in accordance with the stipulated schedule set forth in Section 5 below.

### b. *Plaintiff's proposed schedule*

Plaintiff requests the stay be lifted regardless of the disposition of the Criminal Matter and that the Court proceed in accordance with the stipulated schedule set forth in Section 5 below.

## 5. The Parties' Proposed Schedule Should the Stay Be Lifted

If the Court determines that the stay should be lifted, the parties have met and conferred and agreed to the following schedule:

| Event | Deadline |
| --- | --- |
| Last day for Plaintiff to file First Amended Complaint | December 5, 2022 |
| Last day for Defendants to respond to First Amended Complaint | February 3, 2023 |
| Last Day for parties to meet and confer pursuant to Federal Rule of Civil Procedure 26(f) and ADR Local Rule 3-5(a) | February 10, 2023 |
| Last day for parties to serve initial disclosures pursuant to Federal Rule of Civil Procedure 26(a) | February 24, 2023 |
| Last day for parties to file ADR Certification pursuant to ADR Local Rule 3-5(b) | February 24, 2023 |
| Further Case Management Conference | March 3, 2023 at 3:00 p.m. (or at the Court's convenience) |

///

///

///

Given the uncertainty regarding the status of the Criminal Matter (and the scheduling matters contingent thereto), the parties have not submitted a Proposed Order regarding the case schedule with this joint statement but are willing to do so upon conclusion of the hearing on November 4.

Dated:  October 27, 2022                                   THE COCHRAN FIRM CALIFORNIA


                                            By:    */s/  Edward M. Lyman III*
                                                   EDWARD M. LYMAN III
                                                   Attorneys for Plaintiff
                                                   SUSAN HAZLETT BASSI


Dated:  October 27, 2022                           OFFICE OF THE COUNTY COUNSEL,
                                                   COUNTY OF SANTA CLARA


                                            By:    */s/   José L. Martinez*
                                                   JOSÉ L. MARTINEZ
                                                   Attorneys for Defendants
                                                   COUNTY OF SANTA CLARA, DAVID
                                                   GOMEZ, JACK SOLORIO, LIZANDRO
                                                   CARRASCO, PYHER VAQUERANO, JOHN
                                                   SABLAN, JOSEPH LA JEUNESSE,
                                                   MICHAEL JACOBS and BRYAN OLIVERI


I, JOSÉ L. MARTINEZ, hereby certify that the content of this Joint Case Management Statement is acceptable to all parties required to sign this statement.  Plaintiff's counsel authorized me to affix his electronic signature to this statement.

Dated:  October 27, 2022                           OFFICE OF THE COUNTY COUNSEL,
                                                   COUNTY OF SANTA CLARA


                                                   */s/  José L. Martinez*
                                                   JOSÉ L. MARTINEZ
                                                   Attorneys for Defendants